Gregory **KLITTNER** v. Richard **STEINER**, as Independent Representative of the Estate of Martin L. Von Steiner

[610 A.2d 149]

No. 91-386

May 13, 1992. The sole issue on appeal is whether 15 V.S.A. § 514 eliminates any action at common law for an annulment grounded on "lunacy" when both parties to the marriage are dead. We hold, as did the trial

court, that under these circumstances § 514 controls and an annulment is not available. Accordingly, we affirm.

The relevant statute, § 514(b), provides:

> When a marriage is sought to be annulled on the ground of the lunacy of one of the parties, on the complaint of a relative of the lunatic, such marriage may be declared void during the continuance of such lunacy, or after the death of the lunatic in that condition *and during the lifetime of the other party to the marriage.*

(Emphasis added.)

Section 514(b) plainly states that a declaration of annulment of a marriage entered into by a lunatic (see 15 V.S.A. § 512) who has since died is available "during the lifetime of the other party to the marriage."* In this case, since both parties were dead, an annulment was not available. Application of the maxim "expressio unius est exclusio alterius"—inclusion of one thing is the exclusion of another—is appropriate in this case. See *Clymer v. Webster,* 156 Vt. 614, 625, 596 A.2d 905, 912 (1991).

Plaintiff argues we should ignore the final clause of § 514(b), relying on *Langle v. Kurkul,* 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) (common law changed only if statute is "clearly inconsistent" with it). *Langle* stands for the proposition that the common law lying outside the scope of the statute survives. Here, however, the annulment sought lies squarely within § 514(b) and is conditioned specifically upon the husband being alive.

*Affirmed.*

---

* See also 15 V.S.A. § 519 (decree of nullity of marriage "pronounced after the death of *either* of the parties to the marriage . . . shall be conclusive.") (emphasis added).